# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 23, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CARRIE GREGORY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1599V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; |
| AND HUMAN SERVICES, | * | Influenza ("Flu"); Shoulder Injury |
| | * | Related to Vaccine Administration |
| Respondent. | * | ("SIRVA"). |
| * * * * * * * * * * * * * | | |

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On October 24, 2017, Carrie Gregory ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that as a result of an influenza vaccine received in her left shoulder on October 26, 2014, she developed left and right shoulder injuries.  *Id.*  The information in the record, however, does not show entitlement to an award in the Program.

On July 23, 2019, petitioner filed a motion for a decision dismissing the petition.  Petitioner's Motion (ECF No. 35).  The motion provides that an investigation of the facts and science supporting petitioner's case has demonstrated that she will be unable to prove that she is entitled to compensation in the Vaccine Program.  *Id.* at ¶ 2.  In these circumstances, to proceed

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

any further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at ¶ 3. Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her and that such a judgment will end all of his rights in the Vaccine Program. *Id.* at ¶ 4. Petitioner understands that she may apply for fees and costs once the case is dismissed and judgment is entered against her. *Id.* at ¶ 5. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to protect any rights to elect to file a civil action in the future. *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that she suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Furthermore, petitioner must show by preponderant evidence that she has "suffered the residual effects or complications of such [alleged] illness, disability, injury, or condition for more than six months after the administration of the vaccine." § 11(c)(1)(D)(i). In this case, petitioner received the flu vaccination at issue in her left shoulder. The subsequent medical records reflect that she did develop a left shoulder injury resembling SIRVA (a "Table Injury"), however, that appears to have resolved within six months. Petitioner alleges that the left shoulder injury led to overuse and injury of her right shoulder. However, there is not a clear connection between these two events. *See* Respondent's Report filed October 18, 2018 (ECF No. 22) at 7-8; Scheduling Order filed April 24, 2019 (ECF No. 29) at 1.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support the claim with either medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records do reflect that petitioner developed a left shoulder injury resembling SIRVA as listed on the Vaccine Injury Table. However, the medical records do not support a finding that the left shoulder injury lasted for more than six months. Petitioner alleges that her later *right shoulder pain* was a sequela which was present for more than six months after the administration of the vaccine. However, the medical records do not support a logical sequence of cause and effect between the left shoulder injury and the later right shoulder injury. Neither has petitioner submitted an opinion from a treating physician or other medical expert to draw a connection between these two events. Therefore, I agree that petitioner has not met her burden of proof. Therefore, her claim cannot succeed and it must be dismissed. § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).